**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JARED ROBERTSON | ) | CASE NO. |
| 406 Morningside Drive | ) | |
| Waverly, Ohio 45690, | ) | JUDGE: |
| | ) | |
|            Plaintiff, | ) | |
| | ) | |
|        v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| CHILLICOTHE LODGE NO. 1626, LOYAL | ) | |
| ORDER OF MOOSE | ) | **JURY DEMAND ENDORSED** |
| 837 East Water Street | ) | **HEREIN** |
| Chillicothe, Ohio 45601, | ) | |
| | ) | |
|     **Serve Also:** | ) | |
|     CHILLICOTHE LODGE NO. 1626, | ) | |
|     LOYAL ORDER OF MOOSE | ) | |
|     c/o CT Corporation System | ) | |
|     Registered Agent | ) | |
|     4400 Easton Commons Way | ) | |
|     Suite 125 | ) | |
|     Columbus, Ohio 43219, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| MARK NEWLAND | ) | |
| 744 St. Margaret Road | ) | |
| Chillicothe, Ohio 45601 | ) | |
| | ) | |
|          Defendants. | ) | |

Plaintiff, Jared Robertson, by and through undersigned counsel, as his Complaint against

Defendants Chillicothe Lodge No. 1626, Loyal Order of Moose ("Moose Lodge") and Mark

Newland, states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Robertson is a resident of the City of Waverly, Pike County, Ohio.

2. At all times herein, Robertson was acting in the course and scope of his employment.

3. Moose Lodge is a domestic non-profit corporation that does business at 837 East Water Street, Chillicothe, Ohio 43219.

4. Moose Lodge is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 et seq.

5. Mark Newland is a resident of the State of Ohio.

6. At all times herein, Newland was acting in the course and scope of his employment.

7. Newland, is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Moose Lodge and who acted directly or indirectly in the interest of Moose Lodge in relation to its employees, and is an employer within the meaning of R.C. § 4112.01 et seq.

8. All of the material events alleged in this Complaint occurred in Ross County.

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Robertson is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e and the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12101 et seq.

10. This Court has supplemental jurisdiction over Robertson's state law claims pursuant to 28 U.S.C. § 1367 as Robertson's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. Within 300 days of the conduct alleged below, Robertson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2023-00310 against Moose Lodge ("Robertson EEOC Charge").

2

13. On or about November 18, 2022, the EEOC issued a Notice of Right to Sue letter to Robertson regarding the Charges of Discrimination brought by Robertson against Moose Lodge in the Robertson EEOC Charge.

14. Robertson received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

15. Robertson has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

16. Robertson has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

17. Robertson is preparing charges of discrimination to file with the Ohio Civil Rights Commission ("OCRC") against Defendant Newland and Danielle Imboden.

18. Upon receipt of the Right-To-Sue Letter from the OCRC, Robertson intends to amend this Complaint to include a claim for unlawful aiding, abetting, and inciting of discrimination against Defendant Newland and Danielle Imboden pursuant to R.C. § 4112.02(J).

**<u>FACTS</u>**

19. Robertson is a former employee of Moose Lodge.

20. Robertson started working for Moose Lodge in or around December 2018.

21. Robertson worked for Moose Lodge as a Bartender.

22. Robertson is male.

23. Robertson is attracted to men.

24. Robertson is homosexual.

25. In or around December 2018, Robertson disclosed to his supervisor, Danielle Imboden, that he was homosexual.

26. In response, Imboden told Robertson to keep his homosexuality to himself because Moose Lodge patrons and management would not want to employ a homosexual bartender.

27. Despite being forced to keep his sexual orientation quiet, rumors spread throughout Moose Lodge's patrons, members, and management.

28. During his employment with Moose Lodge, patrons, lodge members, and management consistently subjected Robertson to homophobic comments ("Homophobic Comments").

29. Robertson regularly reported the Homophobic Comments to Imboden and to management in charge of the lodge ("Reports of Homophobic Comments").

30. Neither Imboden nor Moose Lodge took any action to protect Robertson or to prevent or address the Homophobic Comments.

31. In or around December 2020, Moose Lodge held elections for management positions for the next year.

32. In or around December 2020, Mark Newland was a candidate who was running unopposed for the position of governor of Moose Lodge.

33. Newland is male.

34. Newland did not participate in the decision to hire Robertson.

35. The governor position was the highest position in Moose Lodge's management team.

36. Moose Lodge's management team made all relevant operating decisions for Moose Lodge.

37. Moose Lodge's management team hired and fired employees.

38. Imboden reported directly to Moose Lodge's management team.

39. In or around December 2020, Robertson received messages from Newland containing sexually explicit images and language and requests for sexual favors, including one message where Newland asked Robertson to "come over and drain my pipes" ("Sexual Harassment").

40. The Sexual Harassment by Robertson's soon-to-be supervisor made Robertson deeply uncomfortable.

41. The Sexual Harassment was unwanted by Robertson.

42. The Sexual Harassment was severe.

43. The Sexual Harassment was pervasive.

44. Robertson quickly reported the Sexual Harassment to Imboden ("First Report of Sexual Harassment").

45. Imboden failed to take any action regarding the Sexual Harassment and/or Robertson's First Report of Sexual Harassment.

46. Newland became the governor in or around the beginning of 2021.

47. Following Robertson's First Report of Sexual Harassment, Newland's demeanor towards Robertson changed for the worse.

48. Following Robertson's First Report of Sexual Harassment, Newland regularly singled Robertson out and yelled at him for completing work tasks the way he normally did, and the same way other employees completed those tasks.

49. Newland did not single out and yell at other similarly situated, heterosexual employees.

50. Other managers at Moose Lodge also singled our Robertson and called him offensive names.

51. One evening, Paul Scarborough, a Vice President, tried to enter Moose Lodge.

52. Scarborough had been previously banned from entering Moose Lodge.

53. When Robertson told Scarborough he could not enter Moose Lodge, Scarborough called Robertson a "bitch" and a "pussy".

54. Scarborough did not call other similarly situated, heterosexual employees a "bitch" or a "pussy".

5

55. On or about February 14, 2021, Newland suggestively told Robertson that Newland would, "like to fill that up" while looking Robertson up and down.

56. Newland was insinuating having sexual relations with Jared.

57. Jared was uncomfortable.

58. In or around March 2021, Robertson requested off work for hip replacement surgery.

59. Robertson informed Imboden about the hip replacement surgery.

60. In or around March 2021, Robertson had a hip replacement surgery to correct increasing pain, discomfort, stiffness, and immobility in his hip ("Hip Problems").

61. Due to his Hip Problems, Robertson had difficulty exercising, walking, sitting and standing for long periods, disturbed sleep, and decreased mobility.

62. As a result of suffering from his Hip Problems, Robertson is and was considered disabled within the meaning of the ADA 42 U.S.C. 126 § 12101 et seq.

63. As a result of suffering from his Hip Problems, Robertson is and was considered disabled within the meaning of R.C. § 4112.01(A)(13).

64. In the alternative, Moose Lodge perceived Robertson as being disabled.

65. In the alternative, Moose Lodge perceived that Robertson's Hip Problems constituted a physical impairment.

66. In the alternative, Moose Lodge perceived that Robertson's Hip Problems substantially impaired one or more of his major life activities, including working, walking, standing, exercising, sitting, and sleeping.

67. Despite this actual or perceived disabling condition, Robertson was still able to perform the essential functions of his job.

68. The Homophobic Comments by patrons and management continued following Robertson's hip replacement surgery, except after the surgery, they incorporated new comments disparaging and mocking Robertson's Hip Problems.

69. Following Robertson taking time off work for his hip replacement surgery, Imboden made disparaging comments about Robertson's Hip Problems.

70. Following his hip replacement surgery, Imboden regularly suggested that Robertson was, "walking funny", and would comment that Robertson must have had, "a good night last night." ("Walking Funny Comment").

71. Imboden's Walking Funny Comment implied that Robertson had sexual intercourse the previous night.

72. Imboden's Walking Funny Comment was offensive.

73. Management, including Eric Cooley, questioned Robertson as to whether his hip replacement was necessary while insinuating that he did not need it.

74. One manager told Robertson, "We [Moose Lodge] know why you had your hip replacement - - because we know you like having your legs behind your head."

75. The manager was implying that Robertson was likely to engage in such behavior because of his sexual orientation.

76. Robertson again reported the ongoing harassment regarding his sexual orientation and his Hip Problems to Moose Lodge ("Second Report of Sexual Harassment").

77. In addition to his reports of sexual harassment, Robertson reported race discrimination that he observed by Moose Lodge against Kristina Althouse, a bartender at Moose Lodge.

78. Althouse is female.

79. Althouse is African American.

7

80. Althouse also worked for another bar in town while she worked for Moose Lodge.

81. Many of Althouse's patrons from the other bar began to come to Moose Lodge in or around August 2021.

82. Many of these new patrons to Moose Lodge were African American.

83. Shortly after Althouse's patrons from the other bar began to come to Moose Lodge, Imboden asked Robertson to change his shifts to "clean [Moose Lodge] up since it was getting too dark in there." ("Racist Comment").

84. Imboden's Racist Comment was referring to the African American patrons.

85. Imboden wanted Robertson to decrease the number of African American patrons coming to Moose Lodge.

86. Althouse was terminated shortly after Imboden's Racist Comment.

87. Robertson reported Imboden's Racist Comment and how Althouse had been treated unfairly based on her race to Newland and management ("Report of Race Discrimination").

88. On or about September 15, 2021, Robertson woke up with a fever.

89. Robertson's doctor informed him that the fever was caused by an infection in Robertson's hip and that Robertson would need to stay off his feet for ten days.

90. Robertson informed Imboden and provided her with documentation regarding his doctor's orders to stay off his feet for ten days.

91. While Robertson was off work and recovering, Imboden told Robertson that he needed to attend a Moose Lodge management meeting before he could return to work.

92. Robertson attended the next management meeting on or about October 7, 2021 ("Management Meeting").

93. During the Management Meeting, Robertson addressed Newland during the meeting and said, "Ever since you [Newland] sent those messages wanting to have sex with me, you [Newland] have treated me differently." (Third Complaint of Sexual Harassment").

94. In response to Robertson's Third Complaint of Sexual Harassment, Newland and the rest of the management team laughed at Robertson.

95. At the conclusion of the Management Meeting, the management team, and Newland, terminated Robertson's employment ("Termination").

96. Moose Lodge informed Robertson that the reason for his Termination was because of his Hip Problems.

97. Moose Lodge terminated Robertson because of his Hip Problems.

98. Moose Lodge terminated Robertson because of his sexual orientation.

99. Moose Lodge terminated Robertson in retaliation for reporting sexual harassment.

100. Moose Lodge terminated Robertson in retaliation for reporting disability discrimination.

101. Moose Lodge terminated Robertson in retaliation for reporting race discrimination.

102. Moose Lodge has a progressive disciplinary policy ("Discipline Policy").

103. A verbal warning is the lowest level of discipline in the Discipline Policy.

104. Robertson did not receive a verbal warning before the Termination.

105. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

106. Robertson did not receive a written warning before the Termination.

107. A termination is the highest level of discipline in the Discipline Policy.

108. Moose Lodge knowingly skipped progressive disciplinary steps in terminating Robertson.

109. Moose Lodge knowingly terminated Robertson's employment.

110. Moose Lodge knowingly took an adverse employment action against Robertson.

111. Moose Lodge knowingly took an adverse action against Robertson.

112. Moose Lodge intentionally skipped progressive disciplinary steps in terminating Robertson.

113. Moose Lodge intentionally terminated Robertson's employment.

114. Moose Lodge intentionally took an adverse employment action against Robertson.

115. Moose Lodge intentionally took an adverse action against Robertson.

116. Moose Lodge knew that skipping progressive disciplinary steps in terminating Robertson would cause Robertson harm, including economic harm.

117. Moose Lodge knew that terminating Robertson would cause Robertson harm, including economic harm.

118. Moose Lodge willfully skipped progressive disciplinary steps in terminating Robertson.

119. Moose Lodge willfully terminated Robertson's employment.

120. Moose Lodge willfully took an adverse employment action against Robertson.

121. Moose Lodge willfully took an adverse action against Robertson.

122. Moose Lodge knowingly terminated Robertson on or about October 7, 2021.

123. Moose Lodge intentionally terminated Robertson on or about October 7, 2021.

124. Moose Lodge willfully terminated Robertson on or about October 7, 2021.

125. Moose Lodge has a policy against sexual harassment ("Sexual Harassment Policy").

126. Moose Lodge's Sexual Harassment Policy precludes retaliation against employees who complain about sexual harassment.

127. Alternatively, retaliation against employees who complain about sexual harassment is permitted by Moose Lodge.

128. Moose Lodge's Sexual Harassment Policy precludes intimidation against employees who complain about sexual harassment.

129. Alternatively, intimidation against employees who complain about sexual harassment is permitted by Moose Lodge.

130. Moose Lodge's Sexual Harassment Policy requires employees to report what they reasonably believe is a violation of the Sexual Harassment Policy.

131. Moose Lodge's Sexual Harassment Policy precludes retaliation against employees who report a violation of the Sexual Harassment Policy.

132. Alternatively, retaliation against employees who report a violation of the Sexual Harassment Policy is permitted by Moose Lodge.

133. Moose Lodge's Sexual Harassment Policy precludes intimidation against employees who report a violation of the Sexual Harassment Policy.

134. Alternatively, intimidation against employees who report a violation of the Sexual Harassment Policy is permitted by Moose Lodge.

135. The Homophobic Comments and Sexual Harassment violate the Harassment Policy.

136. Moose Lodge has a policy to investigate reports of violations of its Sexual Harassment Policy.

137. An investigation should include interviewing the complainant.

138. An investigation should include interviewing the subject of the complaint.

139. An investigation should include interviewing the subject of the reported discrimination.

140. An investigation should include interviewing witnesses to the reported discrimination.

141. An investigation should include getting a written statement from the complainant.

142. An investigation should include getting a written statement from the subject of the complaint.

143. An investigation should include getting a written statement from the subject of the reported discrimination.

144. In response to Robertson's reports of Homophobic Comments and Sexual Harassment, Moose Lodge did not interview Robertson.

145. In response to Robertson's reports of Homophobic Comments and Sexual Harassment, Moose Lodge did not interview Newland.

146. In response to Robertson's reports of Homophobic Comments and Sexual Harassment, Moose Lodge did not interview witnesses.

147. In response to Robertson's reports of Homophobic Comments and Sexual Harassment, Moose Lodge did not get a written statement from Robertson.

148. In response to Robertson's reports of Homophobic Comments and Sexual Harassment, Moose Lodge did not get a written statement from Newland.

149. In response to Robertson's reports of Homophobic Comments and Sexual Harassment, Moose Lodge did not get a written statement from witnesses.

150. Moose Lodge did not investigate Robertson's reports of Homophobic Comments and Sexual Harassment.

151. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: GENDER AND SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF TITLE VII

152. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

153. Robertson is a member of a statutorily protected class based on his gender under Title VII.

154. Moose Lodge treated Robertson differently than other similarly-situated employees based on his gender.

155. Moose Lodge treated Robertson differently than other similarly-situated employees based on his sexual orientation

156. Moose Lodge treated Robertson differently than other similarly-situated employees because he did not conform to stereotypes about how men should behave.

157. During Robertson's employment, Newland harassed Robertson based on his gender and/or sexual orientation.

158. Moose Lodge discriminated against Robertson on the basis of his gender throughout his employment with the company.

159. Moose Lodge terminated Robertson's employment without just cause.

160. Moose Lodge terminated Robertson's employment based on his gender.

161. Moose Lodge terminated Robertson's employment based on his sexual orientation.

162. Moose Lodge terminated Robertson's employment because he did not conform to stereotypes about how men should behave.

163. Moose Lodge's discrimination against Robertson based on his gender violates Title VII.

164. Moose Lodge's discrimination against Robertson based on his sexual orientation violates Title VII.

165. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

166. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

167. Robertson is a member of a statutorily protected class based on his gender under R.C. § 4112.02.

168. Moose Lodge treated Robertson differently than other similarly-situated employees based on his sexual orientation

169. Moose Lodge treated Robertson differently than other similarly-situated employees because he did not conform to stereotypes about how men should behave.

170. During Robertson's employment, Newland harassed Robertson based on his gender and/or sexual orientation.

171. Moose Lodge discriminated against Robertson on the basis of his gender throughout his employment with the company.

172. Moose Lodge terminated Robertson's employment without just cause.

173. Moose Lodge terminated Robertson's employment based on his gender.

174. Moose Lodge terminated Robertson's employment based on his sexual orientation.

175. Moose Lodge terminated Robertson's employment because he did not conform to stereotypes about how men should behave.

176. Moose Lodge's discrimination against Robertson based on his gender violates R.C. § 4112.02.

177. Moose Lodge's discrimination against Robertson based on his sexual orientation violates R.C. § 4112.02.

178. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### COUNT III:  SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

179. Robertson restates each and every paragraph of this Complaint as though it were fully restated herein.

180. Robertson was subjected to unwelcome sexual harassment in the form of unwelcome sexual comments, explicit messages and images, and sexual advances.

181. Moose Lodge created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, explicit messages and images, and sexual advances.

182. As a direct and proximate result of the intimidating, offensive, and hostile environment created and sustained by Moose Lodge, Robertson repeatedly reported the sexual harassment to his supervisor.

183. Moose Lodge's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of Title VII.

184. Newland's sexual harassment of Robertson occurred while he was acting in the course and scope of his employment.

185. Robertson's supervisor had knowledge of Moose Lodge's sexual harassment and failed to take any corrective or remedial action.

186.  As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: SEXUAL HARASSMENT IN VIOLATION OF R.C. § 4112.01 *et seq.*

187. Robertson restates each and every paragraph of this Complaint as though it were fully restated herein.

188. Robertson was subjected to unwelcome sexual harassment in the form of unwelcome sexual comments, explicit messages and images, and sexual advances.

189. Moose Lodge created and sustained an environment of severe and pervasive sexual harassment in the form of unwelcome sexual comments, explicit messages and images, and sexual advances.

190. As a direct and proximate result of the intimidating, offensive and hostile environment created and sustained by Moose Lodge, Robertson repeatedly reported the sexual harassment to his supervisor.

191. Moose Lodge's actions amount to discrimination on the basis of sex through the creation of a hostile work environment in violation of R.C. § 4112.02(A).

192. Newland's sexual harassment of Robertson occurred while he was acting in the course and scope of his employment.

193. Robertson's supervisor had knowledge of Newland's sexual harassment and failed to take any corrective or remedial action.

194. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT V: QUID PRO QUO SEXUAL HARASSMENT IN VIOLAITON OF TITLE VII

195. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

16

196. As a male, Robertson is a member of a protected class under Title VII.

197. During his employment, Robertson was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by his supervisor, Newland.

198. The harassment against Robertson was based on his gender.

199. Robertson's submission to the unwelcome sexual advances by Newland was an express or implied condition for receiving job benefits and/or continued employment.

200. Robertson rejected Moose Lodge's acts of sexual harassment.

201. Moose Lodge knew or should have known about Newland's sexual advances towards Robertson.

202. Moose Lodge failed to remedy Newland's misconduct or stop him from continued acts of sexual harassment against Robertson.

203. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT VI: QUID PRO QUO SEXUAL HARASSMENT IN VIOLAITON OF R.C. § 4112.01 *et seq.*

204. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

205. As a male, Robertson is a member of a protected class under R.C. § 4112.02.

206. During his employment, Robertson was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors by her/his supervisor, Newland.

207. The harassment against Robertson was based on his gender.

208. Robertson's submission to the unwelcome sexual advances by Newland was an express or implied condition for receiving job benefits and/or continued employment.

209. Robertson rejected Newland's acts of sexual harassment.

210. Moose Lodge knew or should have known about Newland's sexual advances towards Robertson.

211. Moose Lodge failed to remedy Newland's misconduct or stop him from continued acts of sexual harassment against Robertson.

212. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VII: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER AND SEXUAL ORIENTATION DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

213. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

214. During his employment with Moose Lodge, Robertson was subjected to offensive and harassing conduct by Newland based on his gender and sexual orientation.

215. Moose Lodge knew or should have known of the harassing conduct against Robertson by Newland.

216. Moose Lodge condoned, tolerated and ratified this harassing conduct.

217. This harassing conduct was severe and/or pervasive.

218. This harassing conduct was offensive to Robertson.

219. This harassing conduct interfered with Robertson's ability to perform his job duties.

220. Newland's offensive and harassing conduct created a hostile and/or abusive work environment for Robertson.

221. Newland's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Robertson.

222. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VIII: HOSTILE WORK ENVIRONMENT ON THE BASIS OF GENDER AND SEXUAL ORIENTATION DISCRIMINATION AND SEXUAL HARASSMENT IN VIOLATION OF R.C. § 4112.01 *et seq.*

223. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

224. During his employment with Moose Lodge, Robertson was subjected to offensive and harassing conduct by Newland based on his gender and sexual orientation.

225. Moose Lodge knew or should have known of the harassing conduct against Robertson by Newland.

226. Moose Lodge condoned, tolerated and ratified this harassing conduct.

227. This harassing conduct was severe and/or pervasive.

228. This harassing conduct was offensive to Robertson.

229. This harassing conduct interfered with Robertson's ability to perform his job duties.

230. Newland's offensive and harassing conduct created a hostile and/or abusive work environment for Robertson.

231. Newland's offensive and harassing conduct created a hostile and/or abusive work environment for the reasonable person similarly-situated to Robertson.

232. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT IX: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

233. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

234. Moose Lodge treated Robertson differently than other similarly-situated employees based on his disabling condition.

235. Moose Lodge treated Robertson differently than other similarly-situated employees based on his perceived disabling condition.

236. On or about October 7, 2021, Moose Lodge terminated Robertson's employment without just cause.

237. Moose Lodge terminated Robertson's employment based on his disability.

238. Moose Lodge terminated Robertson's employment based on his perceived disability.

239. Moose Lodge violated the ADA when it discharged Robertson based on his disability.

240. Moose Lodge violated the ADA when it discharged Robertson based on his perceived disability.

241. Moose Lodge violated the ADA by discriminating against Robertson based on his disabling condition.

242. Moose Lodge violated the ADA by discriminating against Robertson based on his perceived disabling condition.

243. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT X: DISABILITY DISCRIMINATION IN VIOLAITON OF R.C. § 4112.01 *et seq.*

244. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

245. Moose Lodge treated Robertson differently than other similarly-situated employees based on his disabling condition.

246. Moose Lodge treated Robertson differently than other similarly-situated employees based on his perceived disabling condition.

247. On or about October 7, 2021, Moose Lodge terminated Robertson's employment without just cause.

248. Moose Lodge terminated Robertson's employment based on his disability.

249. Moose Lodge terminated Robertson's employment based on his perceived disability.

250. Moose Lodge violated R.C. § 4112.02 when it discharged Robertson based on his disability.

251. Moose Lodge violated R.C. § 4112.02 when it discharged Robertson based on his perceived disability.

252. Moose Lodge violated R.C. § 4112.02 by discriminating against Robertson based on his disabling condition.

253. Moose Lodge violated R.C. § 4112.02 by discriminating against Robertson based on his perceived disabling condition.

254. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT XI:  RETALIATION IN VIOLATION OF TITLE VII

255. Robertson restates each and every prior paragraph of this complaint, as if it were fully restated herein.

256. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the gender discrimination he was experiencing.

257. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the sexual orientation discrimination he was experiencing.

258. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the sexual harassment he was experiencing.

259. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the race discrimination he witnessed.

260. Subsequent to Robertson's reporting of sexual harassment, gender, sexual orientation, and race discrimination to his supervisors, Robertson was subjected to additional harassment, was singled out, and was eventually terminated.

261. Moose Lodge's actions were retaliatory in nature based on Robertson's opposition to the unlawful discriminatory conduct.

262. Pursuant to Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

263. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT XII: RETALIATION IN VIOLATION OF THE ADA

264. Robertson restates each and every prior paragraph of this complaint, as if it were fully restated herein.

265. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the disability discrimination he was experiencing.

266. Subsequent to Robertson's reporting of disability discrimination to his supervisors, Robertson was subjected to additional harassment, was singled out, and was eventually terminated.

267. Moose Lodge's actions were retaliatory in nature based on Robertson's opposition to the unlawful discriminatory conduct.

268. Pursuant to Title VII, it is an unlawful discriminatory practice to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

269. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT XIII: RETALIATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

270. Robertson restates each and every prior paragraph of this complaint, as if it were fully restated herein.

271. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the gender discrimination he was experiencing.

272. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the sexual orientation discrimination he was experiencing.

273. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the sexual harassment he was experiencing.

274. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the disability discrimination he was experiencing.

275. As a result of Moose Lodge's discriminatory conduct described above, Robertson complained about the race discrimination he witnessed.

276. Subsequent to Robertson's reporting of sexual harassment, gender, disability, sexual orientation, and race discrimination to his supervisors, Robertson was subjected to additional harassment, was singled out, and was eventually terminated.

277. Moose Lodge's actions were retaliatory in nature based on Robertson's opposition to the unlawful discriminatory conduct.

278. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice defined in this section…"

279. As a direct and proximate result of Moose Lodge's conduct, Robertson suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT XIV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (as against Defendant Newland)

280. Robertson restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

281. Newland intended to cause Robertson emotional distress or knew that their acts or omissions would result in serious emotional distress to Robertson.

282. Newland's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

283. As a direct and proximate result of Newland's acts and omissions as set forth above, Robertson has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

284. As a direct and proximate result of Newland's conduct and the resulting emotional distress, Robertson has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Jared Robertson respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)    Requiring Moose Lodge to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v)     Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against each Defendant of compensatory and monetary damages to compensate Robertson for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Robertson claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (614) 683-7331
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
        Greg.shumaker@spitzlawfirm.com

*Attorneys for Plaintiff Jared Robertson*

## JURY DEMAND

Plaintiff Jared Robertson demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Gregory T. Shumaker (0095552)

*Attorneys for Plaintiff Jared Robertson*